IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DOMENIC R. ROCKEY, | ) | No. 33776-6-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE UNIVERSITY, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Domenic Rockey appeals a summary judgment order, dismissing claims filed against Washington State University (WSU) relating to an on-campus assault. We affirm.

BACKGROUND

Mr. Rockey was a walk-on quarterback for WSU's football team. After an early morning practice, another player, Emmitwally Su'a-Kalio, punched Mr. Rockey in the face. Mr. Su'a-Kalio was upset because he believed Mr. Rockey's deficient workout performance caused the team to be assigned additional "up-downs"[1] and ultimately led to early termination of the session. Clerk's Papers (CP) at 277.

---

[1] Up-downs are an exercise described as: "Stand[] straight up, . . . the whistle [blows], down into a push-up position, stand back up." Clerk's Papers (CP) at 279. The complaint also references them as "burpees." CP at 7.

Mr. Rockey sued WSU under theories of negligence and respondeat superior. Mr. Rockey specifically cited a directive to players from the WSU football coaches to "keep each other accountable" as the basis for that liability. CP at 77. WSU denied liability and moved for summary judgment. The trial court granted WSU's motion. Mr. Rockey appeals.

## ANALYSIS

As owner of the locker room where the assault took place, WSU owed Mr. Rockey a duty to protect him from foreseeable harms. *McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752, 344 P.3d 661 (2015). Mr. Rockey cannot establish breach of this duty because no facts suggest Mr. Su'a-Kalio's assault was foreseeable. Nothing indicates WSU had ongoing problems with assaults between members of its football team. Nor were there any signs of tension between Mr. Rockey and Mr. Su'a-Kalio. Prior to the assault, Mr. Rockey and Mr. Su'a-Kalio never exchanged harsh words. They had been friends. While an unidentified player had unsuccessfully attempted to confront Mr. Rockey prior to the incident with Mr. Su'a-Kalio, there were no facts linking Mr. Su'a-Kalio's conduct to the prior incident or suggesting that aggressive conduct toward Mr. Rockey would continue. Even Mr. Rockey admitted that, at the time of the assault, most other players were not really mad at him because they knew he was hurt.

2

Mr. Rockey's attempt to hold WSU responsible under the doctrine of respondeat superior also fails. Even if we were to consider Mr. Su'a-Kalio an employee of WSU based on his scholarship status, WSU would still not be liable for Mr. Su'a-Kalio's intentional assault. *Robel v. Roundup Corp.*, 148 Wn.2d 35, 52-53, 59 P.3d 611 (2002); *Niece v. Elmview Grp. Home*, 131 Wn.2d 39, 48, 929 P.2d 420 (1997). Respondeat superior liability requires showing an employee acted in furtherance of the employer's interests. *Id.* While WSU's football team had an interest in promoting team accountability, nothing about this laudable goal could be fulfilled by Mr. Su'a-Kalio's intentionally assaultive conduct. Furthermore, no one affiliated with WSU condoned Mr. Su'a-Kalio's actions as consistent with the team philosophy. To the contrary, Mr. Su'a-Kalio was criminally charged, removed from the football team, and ultimately expelled. Mr. Rockey's respondeat superior claim lacks factual support.

WSU requests attorney fees and costs on appeal pursuant to RAP 18.1 and 18.9. We deny this request as it is not accompanied by sufficient support. *Wilson Court Ltd. P'ship v. Tony Maroni's, Inc.*, 134 Wn.2d 692, 710 n.4, 952 P.2d 590 (1998).

## CONCLUSION

The superior court's order of dismissal is affirmed and WSU's request for attorney fees and costs is denied.

No. 33776-6-III
*Rockey v. WSU*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, A.C.J.                 Siddoway, J.

4